IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DAVID JACKSON, #39640**                                                                **PLAINTIFF**

**VERSUS**                                                       **CIVIL ACTION NO.5:05cv92DCB-JCS**

**CORRECTIONS CORPORATION OF AMERICA**                        **DEFENDANT**

## ORDER

      This cause is before the court on plaintiff's motion for recusal [document #12], plaintiff's motion entitled "Motion to Alter Judgment" [document #13] and the plaintiff's motion to appoint counsel [document #14].

      The plaintiff contends that the undersigned should recuse himself from this case because he recused himself from civil action number 5:02cv489 on November 6, 2002, involving the same defendant.  28 U.S.C. § 455 (a) requires a judge to stand recused "in any proceeding in which his impartiality might reasonably be questioned." As the goal of § 455(a) "is to exact the appearance of impartiality," recusal may be mandated even though no actual partiality exists. <u>Hall v. Small Business Admin.</u>, 695 F.2d 175, 178 (5th Cir. 1983).  Since the certain non-waivable grounds that were present on November 6, 2002, in civil action number 5:02cv489 are no longer present in 2005, the undersigned finds that his recusal is not warranted. Specifically, the undersigned shows that on November 6, 2002, the defendant, Corrections Corporation of America was represented by a law firm which, at the time, also represented a family member of the undersigned in an entirely separate matter.  This situation no longer exists. The family member is no longer represented by said firm, nor is any member of that firm counsel

of record for the defendant in this case.

Further, the plaintiff moves the court to alter the order filed July 11, 2005, denying plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g)'s "three-strikes rule." Since the court has not entered a final judgment in this cause the court will construe the motion to alter judgment to be a motion to reconsider the order denying in forma pauperis status. Having considered the issues raised in the motion along with an additional review of the entire court file in this cause, the court finds that the motion is not well taken and should be denied.

On November 10, 2004, the plaintiff filed this complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. The case was transferred here from the Western District of Tennessee on June 9, 2005. As stated above, on July 11, 2005, an order was entered denying plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g)'s "three-strikes rule." Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This court found that the plaintiff had on three occasions "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." The order directed the plaintiff to pay the $250.00 filing fee within 30 days of the date of that order.

The plaintiff argues in the motion at bar that his complaint falls within the three-strikes exception of § 1915 (g), "imminent danger of serious physical injury." Plaintiff states that he was "jumped on" by another inmate since this complaint has been filed, specifically on April 29, 2005, and he is in fear for his life. Addressing the exception provision of § 1915 (g), the United States Court of Appeals for the Fifth Circuit held that

> [t]he plain language of the statue leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger *at the time that he seeks to file his suit in district court* or seeks to proceed with his appeal or files a motion to proceed IFP.

Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) (emphasis added). Clearly, the danger must exist at the time the complaint is filed. Id. "Further, '[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002) (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001)). Upon additional review of the plaintiff's complaint and entire court record along with consideration of the motion to reconsider, the court finds that the plaintiff has failed to establish that he was under imminent danger of serious physical injury at the time of filing this complaint. Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir.1998); Choyce v. Domiguez, 160 F.3d 1068 (5th Cir.1998).

Furthermore, the court finds that appointment of counsel is not warranted in this case. There is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915.

Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982); Salmon v. Corpus Christi ISD, 911 F.2d 1165, 1166 (5th Cir. 1990). Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding in forma pauperis; it does not authorize the Court to make coercive appointments of counsel. See Mallard v. U.S. District Court for the Southern District of Iowa, 490 U.S. 296, 310, 109 S.Ct. 1814, 1823, 104 L.Ed.2d 318 (1989). As stated above, the plaintiff was denied in forma pauperis status in this case. Nevertheless, the court has considered the circumstances of this case along with the relevant case law to determine that "exceptional circumstances" do not exist in this case nor would be the appointment of counsel at this juncture in the proceedings be of service to the court. See Cooper v. Sheriff, Lubbock County, Texas, 929 F.2d 1078, 1084 (5th Cir. 1991); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988); Good v. Allain, 823 F.2d 64, 66 (5th Cir. 1987); Feist v. Jefferson County Commissioners Court, 778 F.2d 250, 253 (5th Cir. 1985); and Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). The plaintiff is advised that when he pays the filing fee for this action and the proceedings of the case have advanced, he may reassert his motion for appointment of counsel at that time.

Accordingly, it is hereby,

ORDERED that plaintiff's motion for recusal [document #12] is denied.

IT IS FURTHER ORDERED that plaintiff's motion to alter judgment [document #13] liberally construed to be a motion to reconsider the order [document #11] denying plaintiff's motion to proceed in forma pauperis is **denied.**

IT IS FURTHER ORDERED that plaintiff has 15 days from the date of this order to pay the required filing fee of $250.00 or this action will be dismissed without further written notice to the plaintiff.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel [document #14] is denied.  The plaintiff may reassert this motion when he pays the filing fee.

SO ORDERED this the  13th  day of December, 2005.


s/ David Bramlette
UNITED STATES DISTRICT JUDGE