**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**DAVID JACKSON, #39640**                                                                  **PLAINTIFF**

**VERSUS**                                                 **CIVIL ACTION NO.5:05cv92DCB-JCS**

**CORRECTIONS CORPORATION OF AMERICA**                     **DEFENDANT**

**MEMORANDUM OPINION**

This cause is before the court sua sponte for consideration of dismissal. On November 10, 2004, the plaintiff filed this complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights and requesting in forma pauperis status. The case was transferred here from the Western District of Tennessee on June 9, 2005. On July 11, 2005, an order was entered denying plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g)'s "three-strikes rule." Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This court found that the plaintiff had on three occasions "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." The order directed the plaintiff to pay the $250.00 filing fee within 30 days or the case would be dismissed. The plaintiff failed to pay the filing fee.

On December 13, 2005, the court denied various motions filed by the plaintiff including a motion to reconsider the denial of in forma pauperis status. That order directed the plaintiff to pay the filing fee within 15 days or this case would be dismissed without further written notice to the plaintiff. Instead of paying the required filing fee, the plaintiff filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit. On February 14, 2006, the Fifth Circuit dismissed the plaintiff's appeal for want of prosecution.

On March 6, 2006, this court entered an order to show cause. The order directed the plaintiff to show cause why this case should not be dismissed for his failure to comply with the court's previous orders and once again, the plaintiff was directed to pay the filing fee within 15 days or this action would be dismissed without further written notice to the plaintiff. The plaintiff failed to pay the filing fee.

Since the plaintiff has failed to pay the filing fee, thereby failing to comply with three court orders, this case will be dismissed. This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendant has never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the court has never considered the merits of plaintiff's

claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

    A final judgment in accordance with this memorandum opinion will be entered. All pending motions are hereby terminated.

    SO ORDERED this the  24th  day of March, 2006.

                                                      s/ David Bramlette
                                      UNITED STATES DISTRICT JUDGE